FILED

1  JOHN C. CRUDEN
       Acting Assistant Attorney General
2      Environment and Natural Resources
           Division
3      United States Department of Justice
       950 Pennsylvania Avenue, N.W.
4      Washington, D.C. 20530            **LODGED**

5  JOHN K. VINCENT
       United States Attorney            JUL 2 7 2001
6      Eastern District of California
       501 "I" Street, Suite 10-100  CLERK ... COURT
7      Sacramento, California 95818  EASTERN DISTRICT OF CALIFORNIA
                                     BY _____ DEPUTY
8  RICHARD CUTLER
       Assistant United States Attorney
9      1130 "O" Street, Room 3654
       Fresno, California   93721
10     (559) 498-7272

11  DAVID B. GLAZER
       Environmental Enforcement Section
12     Environment and Natural Resources
           Division
13     United States Department of Justice
       301 Howard Street, Suite 1050
14     San Francisco, California 94105
       (415) 744-6491

15

16  Attorneys for the United States of America
    (Additional attorneys listed on following page)

17

18                IN THE UNITED STATES DISTRICT COURT

19            FOR THE EASTERN DISTRICT OF CALIFORNIA

20                       FRESNO DIVISION

21

22  _____ )
    UNITED STATES OF AMERICA and the)
23  STATE OF CALIFORNIA,            )
                                    )
24           Plaintiffs,            )   Civil No. F-98-5412 REC DLB
                                    )
25           v.                     )
                                    )   SECOND CONSENT DECREE
26  CHEVRON USA, INC., et al.,      )
                                    )
27                                  )
             Defendants.            )
28  _____ )

1  NANCY J. MARVEL
    Regional Counsel
2  United States Environmental Protection
        Agency - Region IX
3
   DAVID A. RABBINO
4   Assistant Regional Counsel
    United States Environmental Protection
5        Agency - Region IX
    75 Hawthorne Street
6  San Francisco, California 94105
    (415) 744-1336
7
   Attorneys for the United States of America
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii.

1                       TABLE OF CONTENTS

2   I.      BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . 1

3   II.     JURISDICTION . . . . . . . . . . . . . . . . . . . . . . 4

4   III.    PARTIES BOUND . . . . . . . . . . . . . . . . . . . . . . 5

5   IV.     DEFINITIONS . . . . . . . . . . . . . . . . . . . . . . . 6

6   V.      GENERAL PROVISIONS . . . . . . . . . . . . . . . . . . . 9

7   VI.     PERFORMANCE OF THE WORK BY Settling Work Defendant . 11

8   VII.    ACCESS . . . . . . . . . . . . . . . . . . . . . . . . . 14

9   VIII.   REPORTING REQUIREMENTS . . . . . . . . . . . . . . . . . 15

10  IX.     PROJECT COORDINATORS . . . . . . . . . . . . . . . . . . 18

11  X.      FINANCIAL DEMONSTRATION . . . . . . . . . . . . . . . . 18

12  XI.     CERTIFICATION OF COMPLETION . . . . . . . . . . . . . . 19

13  XII.    EMERGENCY RESPONSE . . . . . . . . . . . . . . . . . . . 19

14  XIII.   CLAIMS AGAINST THE FUND . . . . . . . . . . . . . . . . 20

15  XIV.    INDEMNIFICATION AND INSURANCE . . . . . . . . . . . . . 23

16  XV.     FORCE MAJEURE . . . . . . . . . . . . . . . . . . . . . . 25

17  XVI.    DISPUTE RESOLUTION . . . . . . . . . . . . . . . . . . . 27

18  XVII.   STIPULATED PENALTIES . . . . . . . . . . . . . . . . . . 32

19  XVIII.  COVENANTS BY THE UNITED STATES . . . . . . . . . . . 36

20  XIX.    COVENANTS BY SETTLING WORK DEFENDANT . . . . . . . . 40

21  XX.     EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION . . . . 42

22  XXI.    ACCESS TO INFORMATION . . . . . . . . . . . . . . . . . 44

23  XXII.   RETENTION OF RECORDS . . . . . . . . . . . . . . . . . . 46

24  XXIII.  NOTICES AND SUBMISSIONS . . . . . . . . . . . . . . . . 47

25  XXIV.   EFFECTIVE DATE . . . . . . . . . . . . . . . . . . . . . 48

26  XXV.    RETENTION OF JURISDICTION . . . . . . . . . . . . . . . 49

27  XXVI.   APPENDICES . . . . . . . . . . . . . . . . . . . . . . . 49

28

1   XXVII.    COMMUNITY RELATIONS . . . . . . . . . . . . . . . .   49

2   XXVIII.   MODIFICATION   . . . . . . . . . . . . . . . . . . .   50

3   XXIX.     LODGING AND OPPORTUNITY FOR PUBLIC COMMENT   . . . . .   50

4   XXX.      SIGNATORIES/SERVICE . . . . . . . . . . . . . . . . .   51

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## I.   BACKGROUND

2      A.   The United States of America ("United States"), on
3   behalf of the Administrator of the United States Environmental
4   Protection Agency ("EPA"), previously filed a Complaint in this
5   matter pursuant to Sections 106 and 107 of the Comprehensive
6   Environmental Response, Compensation, and Liability Act
7   ("CERCLA"), 42 U.S.C. §§ 9606, 9607.

8      B.   The United States in the Complaint sought, inter alia,
9   (1) reimbursement of costs incurred and to be incurred by EPA and
10   the Department of Justice, and (2) performance of response Work
11   by the defendants at the Site consistent with the National
12   Contingency Plan, 40 C.F.R. Part 300 (as amended) ("NCP").

13      C.   In accordance with the NCP and Section 121(f)(1)(F) of
14   CERCLA, 42 U.S.C. § 9621(f)(1)(F), EPA notified the State of
15   California (the "State") on September 11, 2000, of negotiations
16   with Settling Work Defendant regarding the implementation of the
17   additional remedial action(s) for the Site required by EPA's
18   Explanation of Significant Differences ("ESD-2"), dated March 30
19   2001, and EPA has provided the State with an opportunity to
20   participate in such negotiations and be a party to this Consent
21   Decree.

22      D.   The Settling Work Defendant, among others, entered into
23   a prior Consent Decree ("CD-1") resolving the claims raised in
24   the United States' complaint.  CD-1 was entered by this Court on
25   or about December 21, 1998.  Pursuant to CD-1, the Settling Work
26   Defendant did not admit any liability to the plaintiff or any
27   other person or entity related to the Site, nor did it
28   acknowledge that the release or threatened release of hazardous

1.

1   substances at or from the Site constituted an imminent or
2   substantial endangerment to the public health or welfare or the
3   environment.  In entering into this Consent Decree, the Settling
4   Work Defendant again does not admit any liability to the
5   plaintiff or any other person or entity related to the Site, nor
6   does it acknowledge that the release or threatened release of
7   hazardous substances at or from the Site constitutes an imminent
8   or substantial endangerment to the public health or welfare or
9   the environment.

10      E.   Pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605,
11   EPA placed the Site on the National Priorities List, set forth at
12   40 C.F.R. Part 300, Appendix B, by publication in the Federal
13   Register on December 30, 1982, 47 Fed. Reg. 58476.

14      F.   In January 1986, in response to a release or a
15   substantial threat of a release of hazardous substance(s) at or
16   from the Site, EPA commenced a Remedial Investigation and
17   Feasibility Study ("RI/FS") for the Site, pursuant to 40 C.F.R.
18   § 300.68.

19      G.   EPA completed a Remedial Investigation ("RI") Report in
20   October 1988 and a Feasibility Study ("FS") Report in April 1989.
21   EPA selected a groundwater remedial action, which is embodied in
22   the Record of Decision ("OU-1 ROD") for the Groundwater and Tanks
23   Operable Unit (OU-1) signed by the EPA Regional Administrator on
24   September 26, 1989.

25      H.   Pursuant to Section 117 of CERCLA, 42 U.S.C. § 9617,
26   EPA published a notice of the completion of the FS and of the
27   proposed plan for remedial action for soils on June 8, 1992, in a
28   major local newspaper of general circulation.  EPA provided an

2.

1  opportunity for written and oral comments from the public on the
2  proposed plan for the Soils Operable Unit ("OU-2") from June 8,
3  1992 until August 10, 1992.  A copy of the transcript of the
4  public meeting is available to the public as part of the
5  administrative record upon which the Regional Administrator based
6  the selection of the response action for the Site.

7     I.    The decision by EPA on the remedial action to be
8  implemented at the Site for OU-2 is embodied in a final Record of
9  Decision ("ROD"), executed on September 30, 1992, on which the
10 State has given its concurrence.  A copy of the OU-2 ROD is
11 attached as Appendix A to CD-1.  The ROD includes a
12 responsiveness summary concerning the public comments.  Notice of
13 the final remedial action plan was published in accordance with
14 Section 117(b) of CERCLA, 42 U.S.C. § 9617(b).  An Explanation of
15 Significant Differences ("ESD-1") was signed on September 6,
16 1996.  The modifications included changes to the RCRA equivalent
17 cap and the scaling down of the proposed soil vapor extraction
18 system.  The proposed construction of the slurry wall also was
19 eliminated.  The ESD-1 is attached as Appendix B to CD-1.  Based
20 on information developed after the issuance of the ESD as well as
21 a reevaluation of the health risks posed by the Purity Site,
22 particularly those risks associated with the implementation of
23 the OU-2 remedy, EPA issued a second modification to the OU-2 ROD
24 through an ESD-2 on March 30, 2001.  The ESD-2 is attached as
25 Appendix A.  Pursuant to the ESD-2, all residents of the Tall
26 Trees Mobile Home Park, which is located immediately adjacent to
27 and downwind of the Purity property, are to be temporarily
28 relocated during the performance of the soil remedy at the Site,

3.

1 | and a certain number of residents will thereafter be permanently
2 | relocated.

3 |     J.    Based on the information presently available to EPA,
4 | EPA believes that the additional remedial actions required by
5 | ESD-2, or portions of them, in addition to the remedial actions
6 | required by CD-1, will be properly and promptly conducted  by the
7 | Settling Work Defendant if conducted in accordance with the
8 | requirements of this Consent Decree and its appendices.

9 |     K.    Solely for the purposes of Section 113(j) of CERCLA,
10 | the additional Remedial Actions selected by the ROD Amendment and
11 | the Work to be performed by the Settling Work Defendant shall
12 | constitute a response action taken or ordered by the President.

13 |     L.    The Parties recognize, and the Court by entering this
14 | Consent Decree finds, that the Parties have negotiated and
15 | entered into this Consent Decree in good faith, that
16 | implementation of this Consent Decree will expedite the cleanup
17 | of the Site and will avoid prolonged and complicated litigation
18 | between the Parties, and that this Consent Decree is fair,
19 | reasonable, and in the public interest.

20 |     NOW, THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED:
21 |                     II.   JURISDICTION

22 |     1.    This Court has jurisdiction over the subject matter of
23 | this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C.
24 | §§ 9606, 9607, and 9613(b).  This Court also has personal
25 | jurisdiction over the Parties.  Solely for the purposes of this
26 | Consent Decree and the underlying Complaints, Settling Work
27 | Defendant waives all objections and defenses that they may have
28 | to the jurisdiction of the Court or to venue in this District.

1  Settling Work Defendant shall not challenge the entry of this
2  Consent Decree or this Court's jurisdiction to enter and enforce
3  this Consent Decree.

4                    III.   PARTIES BOUND

5      2.   This Consent Decree applies to and is binding upon the
6  United States and upon Settling Work Defendant and its successors
7  and assigns.  Any change in ownership or corporate status of the
8  Settling Work Defendant including, but not limited to, any
9  transfer of assets or real or personal property, shall in no way
10 alter such Settling Work Defendant's responsibilities under this
11 Consent Decree or CD-1.

12     3.   Settling Work Defendant shall provide a copy of this
13 Consent Decree to each contractor hired to perform the Work (as
14 defined below) required by this Consent Decree and to each person
15 representing Settling Work Defendant with respect to the Site or
16 the Work, and shall condition all contracts entered into
17 hereunder upon performance of the Work in conformity with the
18 terms of this Consent Decree.  Settling Work Defendant or its
19 contractor(s) shall provide written notice of the Consent Decree
20 to any subcontractor(s) hired to perform any portion of the Work
21 required by this Consent Decree.  Settling Work Defendant shall
22 nonetheless be responsible for ensuring that its contractor(s)
23 and subcontractor(s) perform the Work contemplated herein in
24 accordance with this Consent Decree.  With regard to the
25 activities undertaken pursuant to this Consent Decree, each
26 contractor and subcontractor shall be deemed to be in a
27 contractual relationship with the Settling Work Defendant within
28 the meaning of Section 107(b)(3) of CERCLA, 42 U.S.C. §

                              5.

1 | 9607(b)(3).

2 | IV.   DEFINITIONS

3 | 4.   Unless otherwise expressly provided herein, terms used
4 | in this Consent Decree that are defined in CERCLA or in
5 | regulations promulgated under CERCLA shall have the meanings
6 | assigned to them in CERCLA or in such regulations.  Whenever
7 | terms listed below are used in this Consent Decree or in the
8 | appendices attached hereto and incorporated hereunder, the
9 | following definitions shall apply:

10 | "CERCLA" shall mean the Comprehensive Environmental
11 | Response, Compensation, and Liability Act of 1980, as amended, 42
12 | U.S.C. §§ 9601 et seq.

13 | "Consent Decree" shall mean this Decree and all appendices
14 | attached hereto (listed in Section XXVI).  In the event of
15 | conflict between this Decree and any appendix, this Decree shall
16 | control.

17 | "Date of Entry" shall mean the date this Consent Decree is
18 | signed by the United States District Court for the Eastern
19 | District of California.

20 | "Date of Lodging" shall mean the date this Consent Decree
21 | (or a true copy thereof) is lodged with the Clerk of the Court
22 | for the United States District Court for the Eastern District of
23 | California.

24 | "Day" shall mean a calendar day unless expressly stated to
25 | be a working day.  "Working day" shall mean a day other than a
26 | Saturday, Sunday, or federal holiday.  In computing any period of
27 | time under this Consent Decree, where the last day would fall on
28 | a Saturday, Sunday, or federal holiday, the period shall run

6.

1  until the close of business of the next working day.

2      "EPA" shall mean the United States Environmental Protection
3  Agency and any successor departments or agencies of the United
4  States.

5      "ESD-1" shall mean the Explanation of Significant
6  Differences signed on September 6, 1996.

7      "ESD-2" shall mean the EPA Explanation of Significant
8  Differences relating to the Operable Unit Two at the Site signed
9  on March 30, 2001 by the Regional Administrator, EPA Region 9, or
10 his/her delegate, and all attachments thereto.  ESD-2 is attached
11 as Appendix A.

12     "National Contingency Plan" or "NCP" shall mean the National
13 Oil and Hazardous Substances Pollution Contingency Plan
14 promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605,
15 codified at 40 C.F.R. Part 300, and any amendments thereto.

16     "Natural Resources" shall have the meaning provided in
17 Section 101(16) of CERCLA, 42 U.S.C. § 9601(16).

18     "Paragraph" shall mean a portion of this Consent Decree
19 identified by an arabic numeral or an upper case letter.

20     "Parties" shall mean the United States, and the Settling
21 Work Defendant.

22     "Plaintiff" shall mean the United States, on behalf of the
23 United States Environmental Protection Agency.

24     "Preauthorization Decision Document" shall mean the document
25 attached hereto as Appendix B, preauthorizing the Settling Work
26 Defendant to submit claims to the United States pursuant to
27 Section 111(a) of CERCLA, 42 U.S.C. § 9611(a).

28

7.

1    "RCRA" shall mean the Solid Waste Disposal Act, as amended,
2  42 U.S.C. §§ 6901 et seq. (also known as the Resource
3  Conservation and Recovery Act).

4    "Remedial Actions" shall mean those activities to be
5  undertaken by Settling Work Defendant pursuant to CD-1, or a
6  portion of those activities to be undertaken by the Settling Work
7  Defendant to implement the additional remedial actions selected
8  in ESD-2, in accordance with plans approved by EPA.

9    "Relocation Plan" shall mean the document developed pursuant
10  to Paragraph 11.a of this Consent Decree and approved by EPA, and
11  any amendments thereto.

12    "Section" shall mean a portion of this Consent Decree
13  identified by a roman numeral.

14    "Settling Work Defendant" shall mean the Settling Work
15  Defendant, Chevron USA Inc.

16    "Site" shall mean the Purity Oil Superfund Site,
17  encompassing approximately 7 acres, located at 3254 South Maple
18  Avenue in Fresno, Fresno County, California and depicted
19  generally on the map attached as Appendix C, and includes all
20  places where hazardous substances have come to be located.

21    "United States" shall mean the United States of America,
22  including all of its departments, agencies and instrumentalities.

23    "Waste Material" shall mean (1) any "hazardous substance"
24  under Section 101(14) of CERCLA, 42 U.S.C. § 9601(14); (2) any
25  pollutant or contaminant under Section 101(33), 42 U.S.C.
26  § 9601(33); (3) any "solid waste" under Section 1004(27) of RCRA,
27  42 U.S.C. § 6903(27); or as any of the foregoing terms are
28  defined under any appropriate or applicable provisions of

8.

1  California law.

2       "Work" shall mean all activities the Settling Work Defendant

3  is required to perform under this Consent Decree, except those

4  required by Section XXV (Retention of Records).

5                    V.   GENERAL PROVISIONS

6       5.   Objectives of the Parties

7       The objectives of the Parties in entering into this Consent

8  Decree are to protect public health or welfare or the environment

9  at the Site by the implementation of certain response actions at

10 the Site by the Settling Work Defendant.  A further objective of

11 the Parties is to allow the Settling Work Defendant, through the

12 use of the procedures set forth and developed by EPA pursuant to

13 Section 111(a) of CERCLA, 42 U.S.C. § 9611(a), to submit claim(s)

14 to EPA of up to $1.5 million dollars in partial reimbursment of

15 some of the costs to be incurred in implementing the response

16 actions required by the CD-1, the ROD, ESD-1, and ESD-2.  The

17 Parties leave unchanged the obligations, tasks required to be

18 performed, and respective rights and reservations which exist

19 pursuant to CD-1, except to the extent any obligations are

20 changed pursuant to this CD-2.

21       6.   Commitments by Settling Work Defendant

22            Settling Work Defendant shall perform, or arrange for

23 the performance of, the Work in accordance with this Consent

24 Decree, ESD-2 and all Work plans and other plans and schedules

25 set forth herein or developed by Settling Work Defendant and

26 approved by EPA pursuant to this Consent Decree.

27

28

                                9.

1        7.   Compliance With Applicable Law

2        All activities undertaken by Settling Work Defendant
3   pursuant to this Consent Decree shall be performed in accordance
4   with the requirements of all applicable federal and state laws
5   and regulations.  Settling Work Defendant must also comply with
6   all applicable or relevant and appropriate requirements of all
7   federal and state environmental laws as set forth in ESD-2 or as
8   otherwise authorized pursuant to this Consent Decree.  The
9   activities conducted pursuant to this Consent Decree, if approved
10  by EPA, shall be considered to be consistent with the NCP.

11       8.   Permits

12            a.   As provided in Section 121(e) of CERCLA, 42 U.S.C.
13  § 9621(e), and Section 300.400(e) of the NCP, 40 C.F.R.
14  § 300.400(e), no permit shall be required for any portion of the
15  Work conducted entirely on-site (i.e., within the areal extent of
16  contamination or in very close proximity to the contamination and
17  necessary for implementation of the Work).  Where any portion of
18  the Work that is not on-site requires a federal or state permit
19  or approval, Settling Work Defendant or its contractor shall
20  submit timely and complete applications and take all other
21  actions necessary to obtain all such permits or approvals.

22            b.   The Settling Work Defendant may seek relief under
23  the provisions of Section XV (Force Majeure) of this Consent
24  Decree for any delay in the performance of the Work resulting
25  from a failure to obtain, or a delay in obtaining, any permit
26  required for the Work.

27            c.   This Consent Decree is not, and shall not be
28  construed to be, a permit issued pursuant to any federal or state

10.

1 statute or regulation.

2     VI.   PERFORMANCE OF THE WORK BY SETTLING WORK DEFENDANT

3     9.   Selection of Supervising Contractor

4         a.   All aspects of the Work to be performed by

5 Settling Work Defendant pursuant to this Consent Decree shall be

6 arranged for and overseen by a Supervising Contractor.  The

7 Parties agree that the Supervising Contractor designated under

8 CD-1 may be used as Supervising Contractor for the Work required

9 by this Consent Decree.  The Settling Work Defendant and the EPA

10 only need to provide notification to the other if a new

11 Supervising Contractor is to be used.  The selection of a new

12 Supervising Contractor shall be subject to disapproval by EPA.

13 Within 10 days after the Date of Lodging, Settling Work Defendant

14 shall notify EPA in writing of the name, title, and

15 qualifications of any contractor proposed to be the Supervising

16 Contractor.  EPA will issue a notice of disapproval or an

17 authorization to proceed.  If at any time thereafter, Settling

18 Work Defendant proposes to change the Supervising Contractor,

19 Settling Work Defendant shall give such notice to EPA and must

20 obtain an authorization to proceed from EPA before the new

21 Supervising Contractor arranges for and oversees any Work under

22 this Consent Decree.

23         b.   If EPA disapproves a proposed Supervising

24 Contractor, EPA will notify Settling Work Defendant in writing.

25 Settling Work Defendant shall submit to EPA a list of

26 contractors, including the qualifications of each contractor,

27 that would be acceptable to Settling Work Defendant within 30

28 days of receipt of EPA's disapproval of the contractor previously

proposed. EPA will provide written notice of the names of any contractor(s) that it disapproves and an authorization to proceed with respect to any of the other contractors. Settling Work Defendant may select any contractor from that list that is not disapproved and shall notify EPA of the name of the contractor selected within 21 days of EPA's authorization to proceed.

c. If EPA fails to provide written notice of its authorization to proceed or disapproval as provided in this Paragraph and this failure prevents the Settling Work Defendant from meeting one or more deadlines in a plan approved by the EPA pursuant to this Consent Decree, Settling Work Defendant may seek relief under the provisions of Section XV (Force Majeure).

10. Incorporation of the Activities Under the Consent Decree

a. All activities or work, including operation and maintenance, required pursuant to CD-1 shall be unaffected by this Consent Decree, and remain fully enforceable under CD-1.

11. Remedial Action(s) Required by ESD-2

a. Unless previously provided, Settling Work Defendant shall, within 30 days after the Date of Lodging of this Consent Decree, submit to EPA a plan ("Relocation Plan") outlining the scheduling and implementation of the remedial action(s) at the Site required by ESD-2. Upon its approval by EPA, the Relocation Plan shall be incorporated into and become enforceable under this Consent Decree.

b. The Relocation Plan shall include the following: (1) the schedule for implementation and completion of all Relocation Activities; (2) the contractors that will directly implement and/or coordinate the Relocation activities; (3) the

12.

1  location of all temporary relocation facilities; and (4) the
2  location of all permanent relocation facilities.

3         12.  Settling Work Defendant's Obligation To Perform Further
            Response Actions

4         If EPA selects further response actions for the Site, the
5  Settling Work Defendant shall undertake such further response
6  actions to the extent that the reopener conditions in Paragraph
7  58 or Paragraph 59 (United States' reservations of rights based
8  on unknown conditions or new information) or Paragraph 61
9  (Plaintiff's general reservations of rights) are satisfied.
10 Settling Work Defendant may invoke the procedures set forth in
11 Section XIX (Dispute Resolution) to dispute (1) EPA's
12 determination that the remedial action is not protective of human
13 health and the environment, (2) EPA's selection of the further
14 response actions ordered as arbitrary and capricious or otherwise
15 not in accordance with law, or (3) EPA's determination that the
16 Settling Work Defendant's liability for the further response
17 actions requested is reserved in Paragraphs 58, 59, or 61 or
18 otherwise not barred by the Covenant Not to Sue set forth in
19 Section XVIII.  Disputes pertaining to whether the Remedial
20 Action is protective or to EPA's selection of further response
21 actions shall be resolved pursuant to Paragraph 44 (record
22 review).

23        13.  Notwithstanding any provision of this Consent Decree,
24 the United States hereby retains all of its information-gathering
25 and inspection authorities and rights, including enforcement
26 authorities related thereto, under CERCLA, RCRA and any other
27 applicable statutes or regulations.
28

13.

1

## VII. ACCESS

2    14.  Commencing upon the Date of Lodging of this Consent
3  Decree, the Settling Work Defendant agrees to provide the United
4  States, and its representatives, including EPA and its
5  contractors, access at all reasonable times to the Site and any
6  other property to which access is required for the implementation
7  of this Consent Decree, to the extent access to the property is
8  controlled by Settling Work Defendant, for the purposes of
9  conducting any activity related to this Consent Decree including,
10  but not limited to:

11            a.   Monitoring the Work;

12            b.   Verifying any data or information submitted to the
13  United States;

14            c.   Assessing the need for, planning, or implementing
15  response actions at or near the Site;

16            d.   Inspecting and copying records, operating logs,
17  contracts, or other documents maintained or generated by Settling
18  Work Defendant or its agents, consistent with Section XX (Access
19  to Information); and

20            e.   Assessing Settling Work Defendant's compliance
21  with this Consent Decree.

22    15.  To the extent that the Site or any other property to
23  which access is required for the implementation of the Relocation
24  Plan is owned or controlled by persons other than Settling Work
25  Defendant, Settling Work Defendant shall use best efforts to
26  secure from such persons access for Settling Work Defendant, as
27  well as for the United States and its representatives including,
28  but not limited to, their contractors, as necessary to effectuate

14.

1   this Consent Decree.  For purposes of this Paragraph, "best
2   efforts" does not include the payment of reasonable sums of money
3   in consideration of access solely to the Tall Trees Mobile Home
4   Park.  If any access required to complete the Work is not
5   obtained within 45 days of the Date of Entry of this Consent
6   Decree, Settling Work Defendant shall promptly notify the United
7   States in writing, and shall include in that notification a
8   summary of the steps Settling Work Defendant has taken to attempt
9   to obtain access.  The United States may, as it deems
10  appropriate, assist Settling Work Defendant in obtaining access.
11  Settling Work Defendant shall reimburse the United States for all
12  costs incurred by the United States in bringing an action to
13  secure access.  This paragraph does not alter or modify any
14  requirements pertaining to obtaining access provided for in CD-1.

15      16.  Notwithstanding any provision of this Consent Decree,
16  the United States retains all of its access authorities and
17  rights, including enforcement authorities related thereto, under
18  CERCLA, RCRA and any other applicable statute or regulations.

19                  VIII.   REPORTING REQUIREMENTS

20      17.  In addition to any other requirement of this Consent
21  Decree, Settling Work Defendant shall submit to EPA two copies of
22  written monthly progress reports that: (a) describe the actions
23  that have been taken toward achieving compliance with this
24  Consent Decree during the previous month; (b) include a summary
25  of all data received or generated by Settling Work Defendant or
26  its contractors or agents in the previous month; (c) identify all
27  plans and other deliverables required by this Consent Decree
28  completed and submitted during the previous month; (d) describe

15.

1   all actions which are scheduled for the next month and provide
2   other information relating to the progress of construction; (e)
3   include information regarding percentage of completion,
4   unresolved delays encountered or anticipated that may affect the
5   future schedule for implementation of the Work, and a description
6   of efforts made to mitigate those delays or anticipated delays.
7   Settling Work Defendant shall submit these progress reports to
8   EPA by the tenth day of every month following the lodging of this
9   Consent Decree until EPA notifies the Settling Work Defendant
10   pursuant to Paragraph 28 of Section XI (Certification of
11   Completion). If requested by EPA, Settling Work Defendant shall
12   also provide briefings for EPA to discuss the progress of the
13   Work. The reporting requirement required by this paragraph can
14   be completed in conjunction with the reporting requirements by
15   CD-1.

16       18. The Settling Work Defendant shall notify EPA of any
17   change in the schedule described in the monthly progress report
18   for the performance of any activity including, but not limited
19   to, implementation of the Relocation Plan, no later than four
20   days prior to the performance of the activity.

21       19. Upon the occurrence of any event during performance of
22   the Work that Settling Work Defendant is required to report
23   pursuant to Section 103 of CERCLA, 42 U.S.C. § 9603, or Section
24   304 of the Emergency Planning and Community Right-to-know Act of
25   1986 ("EPCRA"), 42 U.S.C. § 11004, Settling Work Defendant shall
26   within 24 hours of the onset of such event orally notify the EPA
27   Project Coordinator or the Alternate EPA Project Coordinator (in
28   the event of the unavailability of the EPA Project Coordinator)

16.

1  or, in the event that neither the EPA Project Coordinator or
2  Alternate EPA Project Coordinator is available, the Emergency
3  Response Section, Region 9, United States Environmental
4  Protection Agency.  These reporting requirements are in addition
5  to the reporting required by CERCLA Section 103 or EPCRA Section
6  304.

7       20.  Within 20 days of the onset of such an event, Settling
8  Work Defendant shall furnish to Plaintiff a written report,
9  signed by the Settling Work Defendant's Project Coordinator,
10  setting forth the events which occurred and the measures taken,
11  and to be taken, in response thereto.  Within 30 days of the
12  conclusion of such an event, Settling Work Defendant shall submit
13  a report setting forth all actions taken in response thereto.

14       21.  Settling Work Defendant shall submit two copies of all
15  plans, reports, and data required the Relocation Plan, or any
16  other approved plans to EPA in accordance with the schedules set
17  forth in such plans.

18       22.  All reports and other documents submitted by Settling
19  Work Defendant to EPA (other than the monthly progress reports
20  referred to above) that purport to document Settling Work
21  Defendant's compliance with the terms of this Consent Decree
22  shall be signed by an authorized representative of the Settling
23  Work Defendant.

24       23.  All plans, reports, and other items required to be
25  submitted to EPA under this Consent Decree shall, upon approval
26  or modification by EPA, be enforceable under this Consent Decree.
27  In the event EPA approves or modifies a portion of a plan,
28  report, or other item required to be submitted to EPA under this

17.

1   Consent Decree, the approved or modified portion shall be
2   enforceable under this Consent Decree.

3                          IX.   PROJECT COORDINATORS

4        24.   The Parties agree that the Project Coordinators
5   designated under CD-1 may be used as Project Coordinators for the
6   Work required by this Consent Decree.  The Settling Work
7   Defendant and the EPA only need to provide notification to the
8   other if a new Project Coordinator is to be used.  In this event,
9   the new Project Coordinator shall be named pursuant to the
10  requirements of Paragraph 39 of CD-1.

11       25.   EPA's Project Coordinator and Alternate Project
12  Coordinator shall have the authority lawfully vested in a
13  Remedial Project Manager ("RPM") and an On-Scene Coordinator
14  ("OSC") by the National Contingency Plan, 40 C.F.R. Part 300, and
15  shall have the authority, consistent with the National
16  Contingency Plan, to halt any Work required by this Consent
17  Decree and to take any necessary response action when he or she
18  determines that conditions at the Site constitute an emergency
19  situation or may present an immediate threat to public health or
20  welfare or the environment due to the release or threatened
21  release of Waste Material.

22       26.   EPA's Project Coordinator and the Settling Work
23  Defendant's Project Coordinator will meet, at a minimum, on a
24  monthly basis.

25                        X.   FINANCIAL DEMONSTRATIONS

26       27.   Within 30 days of entry of this Consent Decree,
27  Settling Work Defendant shall demonstrate the payment of, or
28  readiness to make available, the sum of $2.5 million toward the

                                  18.

1  Site work ($1 million to be paid by Settling Work Defendant,
2  another $1.5 million to be funded by Settling Work Defendant but
3  which is subject to reimbursement by EPA pursuant to the
4  Preauthorization Decision Document), including but not limited
5  to, payment of funds toward the response actions required by CD-1
6  and the additional response actions required by ESD-2. Such
7  demonstration may include submission of copies of checks paid,
8  invoices, progress reports, contracts entered into, or
9  establishment of an escrow account.

10            XI. CERTIFICATION OF COMPLETION

11      28. Completion of the Remedial Action

12            Certification of Completion of the activities required
13  by this Consent Decree shall be peformed in conjunction with, and
14  pursuant to, the certification of completion of Remedial Action
15  provided for in Section XIV, Paragraphs 45 and 46 in CD-1.
16  Completion of the activities required by the approved Relocation
17  Plan shall not affect Settling Work Defendant's obligations under
18  this CD-1.

19            XII. EMERGENCY RESPONSE

20      29. In the event of any action or occurrence during the
21  performance of the Work that causes or threatens a release of
22  Waste Material from the Site that constitutes an emergency
23  situation or may present an immediate threat to public health or
24  welfare or the environment, Settling Work Defendant shall,
25  subject to Paragraph 30, immediately take all appropriate action
26  to prevent, abate, or minimize such release or threat of release,
27  and shall immediately notify the EPA's Project Coordinator or, if
28  the Project Coordinator is unavailable, EPA's Alternate Project

19.

1  Coordinator.  If neither of these persons is available, the
2  Settling Work Defendant shall notify the EPA Emergency Response
3  Unit, Region 9.  Settling Work Defendant shall take such actions
4  in consultation with EPA's Project Coordinator or other available
5  authorized EPA officer and in accordance with all applicable
6  provisions of the Health and Safety Plans, the Contingency Plans,
7  and any other applicable plans or documents developed and
8  approved pursuant to the CD-1.  In the event that Settling Work
9  Defendant fails to take appropriate response action as required
10  by this Section, and EPA takes such action instead, Settling Work
11  Defendant shall reimburse EPA all costs of the response action
12  not inconsistent with the NCP.

13      30.  Nothing in the preceding Paragraph or in this Consent
14  Decree shall be deemed to limit any authority of the United
15  States to: (a) take all appropriate actions to protect human
16  health or the environment or to prevent, abate, respond to, or
17  minimize an actual or threatened release of Waste Material on,
18  at, or from the Site; or (b) direct or order such action, or seek
19  an order from the Court, to protect human health or the
20  environment or to prevent, abate, respond to, or minimize an
21  actual or threatened release of Waste Material on, at, or from
22  the Site, subject to Section XXI (Covenants by the United
23  States).

24          XIII:      CLAIMS AGAINST THE SUPERFUND
25      31.  a.      Pursuant to Sections 111(a)(1), 112, and
26  122(b)(1) of CERCLA, 42 U.S.C. §§ 9611(a)(1), 9612, and
27  9622(b)(1), the Settling Work Defendant may submit a claim for
28  reimbursement to the Hazardous Substance Superfund (the Fund) for

1  a portion of the necessary costs incurred in implementing
2  response actions at the Site in accordance with CD-1, this
3  Consent Decree, and Appendix B (Preauthorization Decision
4  Document or "PDD"). Reimbursement from the Fund shall be subject
5  to the provisions of Section 112 of CERCLA, 42 U.S.C. § 9612, the
6  regulations set forth in 40 C.F.R. Part 307, and the applicable
7  claims and audit procedures outlined in Appendix D. In no event
8  shall Settling Work Defendant's claim(s) against the Fund exceed
9  the sum of $1,500,000. Settling Work Defendant's claim(s)
10 against the Fund shall cover the necessary costs associated with
11 implementing the remedial actions in accordance with CD-1, this
12 Consent Decree, and the PDD. Settling Work Defendant's claim(s)
13 against the Fund shall not include any attorneys' fees, except
14 those which are directly necessary for the implementation of the
15 relocation activities (e.g., attorneys' fees for drawing any
16 necessary contracts with vendors), unless permitted under 40 CFR
17 Part 307. Settling Work Defendant's claim(s) shall not include
18 any other types of attorneys' fees (e.g, fees related to
19 evaluating or establishing Settling Work Defendant's submissions
20 under, or compliance with, the terms of this Consent Decree, or
21 advising or representing Settling Work Defendant in any action or
22 dispute resolution under this Consent Decree or in any action or
23 proceeding to enforce this Consent Decree).

24     b.     If it is subsequently determined that it is necessary
25 to modify the actions that the EPA preauthorized, or if the
26 Settling Work Defendant undertakes additional response actions
27 approved by EPA, Settling Work Defendant may submit to EPA a
28 revised application for preauthorization, to the extent that

21.

1   claims submitted under the revised application do not, in
2   combination with any previously approved and paid claim(s),
3   exceed the $1,500,000 limit provided in paragraph 31(a) above.

4      32. If the Agency denies a claim in whole or in part, it
5   shall notify the Settling Work Defendant of the reason(s) for
6   such denial. Within 30 days after receiving notice of EPA's
7   decisions, the Settling Work Defendant may request an
8   administrative hearing as provided in section 112(b)(2) of
9   CERCLA, 42 U.S.C. § 9612(b)(2), and 40 CFR Part 305. If EPA
10   fails to pay Settling Work Defendant's claim within sixty (60)
11   days of receipt of a perfected claim, interest shall accrue on
12   the amount due and payable to the Settling Work Defendant.

13      33. Pursuant to Section 112(c)(1) of CERCLA, 42 U.S.C. §
14   9612(c)(1), Settling Work Defendant hereby subrogates its rights
15   to the United States to recover from other parties any costs
16   reimbursed to the Settling Work Defendant under this Section, and
17   the Settling Work Defendant shall assist in any action to recover
18   these costs which may be initiated by the United States. The
19   Settling Work Defendant and the Settling Work Defendant's
20   contractor(s) shall furnish the personnel, services, documents,
21   and materials needed to assist the United States in the
22   collection of evidence to document work performed and costs
23   expended by the Settling Work Defendant or its' contractor(s) at
24   the Site in order to aid in cost recovery efforts. Assistance
25   shall also include providing all requested assistance in the
26   interpretation of evidence and costs, and providing requested
27   testimony. All of the Settling Work Defendant's or its
28   contractor's contracts for implementing the Preauthorization

22.

1  Decision Document shall include a specific requirement that the
2  contractors and subcontractors agree to provide this cost
3  recovery assistance.

4      34.  The Settling Work Defendant shall not make any claim
5  against the Fund except as provided by this Section.

6          XIV.  INDEMNIFICATION AND INSURANCE

7      35.  a.  The United States does not assume any liability by
8  entering into this agreement or by virtue of any designation of
9  Settling Work Defendant as EPA's authorized representative under
10  Section 104(e) of CERCLA, 42 U.S.C. § 9604(e).  Settling Work
11  Defendant shall indemnify, save and hold harmless the United
12  States and their officials, agents, employees, contractors,
13  subcontractors, or representatives for or from any and all claims
14  or causes of action arising from, or on account of, negligent or
15  other wrongful acts or omissions of Settling Work Defendant, its
16  officers, directors, employees, agents, contractors,
17  subcontractors, and any persons acting on its behalf or under its
18  control, in carrying out activities pursuant to this Consent
19  Decree including, but not limited to, any claims arising from any
20  designation of Settling Work Defendant as EPA's authorized
21  representative under Section 104(e) of CERCLA, 42 U.S.C. §
22  9604(e).  Further, the Settling Work Defendant agrees to
23  reimburse the United States for all costs it incurs including,
24  but not limited to, attorneys fees and other expenses of
25  litigation and settlement arising from, or on account of, claims
26  made against the United States based on negligent or other
27  wrongful acts or omissions of Settling Work Defendant, its
28  officers, directors, employees, agents, contractors,

23.

1   subcontractors, and any persons acting on its behalf or under its
2   control, in carrying out activities pursuant to this Consent
3   Decree.  The United States shall not be held out as a party to
4   any contract entered into by or on behalf of Settling Work
5   Defendant in carrying out activities pursuant to this Consent
6   Decree.  Neither the Settling Work Defendant nor any such
7   contractor shall be considered an agent of the United States.

8           b.     The United States shall give Settling Work
9   Defendant notice of any claim for which the United States plans
10  to seek indemnification pursuant to Paragraph 35.a and shall
11  consult with Settling Work Defendant prior to settling such
12  claim.

13          36.    Except as set forth above in Section XIII, Paragraphs
14  31 to 34, Settling Work Defendant waives all claims against the
15  United States for damages or reimbursement or for set-off of any
16  payments made or to be made to the United States, arising from or
17  on account of any contract, agreement, or arrangement between
18  Settling Work Defendant and any person for performance of Work on
19  or relating to the Site including, but not limited to, claims on
20  account of construction delays.  In addition, Settling Work
21  Defendant shall indemnify and hold harmless the United States
22  with respect to any and all claims for damages or reimbursement
23  arising from or on account of any contract, agreement, or
24  arrangement between Settling Work Defendant and any person for
25  performance of Work on or relating to the Site including, but not
26  limited to, claims on account of construction delays.

27

28

24.

XV.  FORCE MAJEURE

37.  "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Settling Work Defendant, of any entity controlled by Settling Work Defendant, or of Settling Work Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Settling Work Defendant's best efforts to fulfill the obligation.  The requirement that the Settling Work Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event: (1) as it is occurring; and (2) following the potential force majeure event, such that the delay is minimized to the greatest extent possible.  "Force Majeure" does not include financial inability to complete the Work.

38.  If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, the Settling Work Defendant shall notify orally EPA's Project Coordinator or, in his or her absence, EPA's Alternate Project Coordinator or, in the event both of EPA's designated representatives are unavailable, the Director of the Superfund Division, EPA Region 9, within 3 days of the time Settling Work Defendant first knew that the event might cause a delay.  Within 10 days thereafter, Settling Work Defendant shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for

25.

1  implementation of any measures to be taken to prevent or mitigate
2  the delay or the effect of the delay; the Settling Work
3  Defendant's rationale for attributing such delay to a force
4  majeure event if it intends to assert such a claim; and a
5  statement as to whether, in the opinion of the Settling Work
6  Defendant, such event may cause or contribute to an endangerment
7  to public health, welfare or the environment.  The Settling Work
8  Defendant shall include with any notice all available
9  documentation supporting its claim that the delay was
10 attributable to a force majeure.  Failure to comply with the
11 above requirements shall preclude Settling Work Defendant from
12 asserting any claim of force majeure for that event for the
13 period of time of such failure to comply, and for any additional
14 delay caused by such failure.  Settling Work Defendant shall be
15 deemed to know of any circumstance of which Settling Work
16 Defendant, any entity controlled by Settling Work Defendant, or
17 Settling Work Defendant's contractors knew or should have known.

18        39.   If EPA agrees that the delay or anticipated delay is
19 attributable to a force majeure event, the time for performance
20 of the obligations under this Consent Decree that are affected by
21 the force majeure event will be extended by EPA for such time as
22 is necessary to complete those obligations.  An extension of the
23 time for performance of the obligations affected by the force
24 majeure event shall not, of itself, extend the time for
25 performance of any other obligation.  If EPA does not agree that
26 the delay or anticipated delay has been or will be caused by a
27 force majeure event, EPA will notify the Settling Work Defendant
28 in writing of its decision.  If EPA agrees that the delay is

1  attributable to a force majeure event, EPA will notify the
2  Settling Work Defendant in writing of the length of the
3  extension, if any, for performance of the obligations affected by
4  the force majeure event.

5  40.  If the Settling Work Defendant elects to invoke the
6  dispute resolution procedures set forth in Section XVI (Dispute
7  Resolution), it shall do so no later than 15 days after receipt
8  of EPA's notice.  In any such proceeding, Settling Work Defendant
9  shall have the burden of demonstrating by a preponderance of the
10  evidence that the delay or anticipated delay has been or will be
11  caused by a force majeure event, that the duration of the delay
12  or the extension sought was or will be warranted under the
13  circumstances, that best efforts were exercised to avoid and
14  mitigate the effects of the delay, and that Settling Work
15  Defendant complied with the requirements of Paragraphs 37 and 38.
16  If Settling Work Defendant carries this burden, the delay at
17  issue shall be deemed not to be a violation by Settling Work
18  Defendant of the affected obligation of this Consent Decree
19  identified to EPA and the Court.

20                    XIX.  DISPUTE RESOLUTION

21  41.  Unless otherwise expressly provided in this Consent
22  Decree, the dispute resolution procedures of this Section shall
23  be the exclusive mechanism to resolve disputes arising under or
24  with respect to this Consent Decree.  However, the procedures set
25  forth in this Section shall not apply to actions by the United
26  States to enforce obligations of the Settling Work Defendant that
27  have not been disputed in accordance with this Section.

28

27.

1    42.  Any dispute that arises under or with respect to this
2  Consent Decree shall in the first instance be the subject of
3  informal negotiations between the parties to the dispute.  The
4  period for informal negotiations shall not exceed 20 days from
5  the time the dispute arises, unless it is modified by written
6  agreement of the parties to the dispute.  The dispute shall be
7  considered to have arisen when one party sends the other party a
8  written Notice of Dispute.

9    43.  a.  In the event that the parties cannot resolve a
10 dispute by informal negotiations under the preceding Paragraph,
11 the position advanced by EPA shall be considered binding unless,
12 within 7 days after the conclusion of the informal negotiation
13 period, Settling Work Defendant invokes the formal dispute
14 resolution procedures of this Section by serving on the United
15 States and the State a written Statement of Position on the
16 matter in dispute including, but not limited to, any factual
17 data, analysis or opinion supporting that position and any
18 supporting documentation relied upon by Settling Work Defendant.
19 The Statement of Position shall specify Settling Work Defendant's
20 position as to whether formal dispute resolution should proceed
21 under Paragraph 44 or Paragraph 45.

22        b.  Within 7 days after receipt of Settling Work
23 Defendant's Statement of Position, EPA will serve on Settling
24 Work Defendant its Statement of Position including, but not
25 limited to, any factual data, analysis, or opinion supporting
26 that position and all supporting documentation relied upon by
27 EPA.  EPA's Statement of Position shall include a statement as to
28 whether formal dispute resolution should proceed under Paragraph

28.

1 │ 44 or 45.  Within 5 days after receipt of EPA's Statement of
2 │ Position, the Settling Work Defendant may submit a Reply.

3 │        c.    If there is disagreement between EPA and Settling
4 │ Work Defendant as to whether dispute resolution should proceed
5 │ under Paragraph 44 or 45, the parties shall follow the procedures
6 │ set forth in the paragraph determined by EPA to be applicable.
7 │ However, if Settling Work Defendant ultimately appeals to the
8 │ Court to resolve the dispute, the Court shall determine which
9 │ paragraph is applicable in accordance with the standards of
10 │ applicability set forth in Paragraphs 44 and 45.

11 │    44.   Formal dispute resolution for disputes pertaining to
12 │ the selection or adequacy of any response action and all other
13 │ disputes that are accorded review on the administrative record
14 │ under applicable principles of administrative law shall be
15 │ conducted pursuant to the procedures set forth in this Paragraph.
16 │ For purposes of this Paragraph, the adequacy of any response
17 │ action includes, without limitation:  (1) the adequacy or
18 │ appropriateness of plans, procedures to implement plans, or any
19 │ other items requiring approval by EPA under this Consent Decree;
20 │ and (2) the adequacy of the performance of response actions taken
21 │ pursuant to this Consent Decree.  Nothing in this Consent Decree
22 │ shall be construed to allow any dispute by Settling Work
23 │ Defendant regarding the validity of ESD-2's provisions.

24 │        a.    An administrative record of the dispute shall be
25 │ maintained by EPA and shall contain all statements of position,
26 │ including supporting documentation, submitted pursuant to this
27 │ Section.  Where appropriate, EPA may allow submission of
28 │ supplemental statements of position by the parties to the

29.

1  dispute.

2          b.      The Director of the Superfund Division, EPA Region
3  9, will issue a final administrative decision resolving the
4  dispute based on the administrative record described in Paragraph
5  44.a.   This decision shall be binding upon the Settling Work
6  Defendant, subject only to the right to seek judicial review
7  pursuant to Paragraph 44.c and 44.d.

8          c.      Any administrative decision made by EPA pursuant
9  to Paragraph 44.b shall be reviewable by this Court, provided
10  that a motion for judicial review of the decision is filed by a
11  Settling Work Defendant with the Court and served on the United
12  States within 10 days of receipt of EPA's decision.   The motion
13  shall include a description of the matter in dispute, the efforts
14  made by the parties to resolve it, the relief requested, and the
15  schedule, if any, within which the dispute must be resolved to
16  ensure orderly implementation of this Consent Decree.   The United
17  States may file a response to Settling Work Defendant's motion.

18          d.      In proceedings on any dispute governed by this
19  Paragraph, Settling Work Defendant shall have the burden of
20  demonstrating that the decision of the Superfund Division
21  Director is arbitrary and capricious or otherwise not in
22  accordance with law.   Judicial review of EPA's decision shall be
23  on the administrative record compiled pursuant to Paragraph 44.a.

24      45.   Formal dispute resolution for disputes that neither
25  pertain to the selection or adequacy of any response action nor
26  are otherwise accorded review on the administrative record under
27  applicable principles of administrative law, including disputes
28  under Paragraphs 9.a, 9.b and 39, shall be governed by this

30.

1  Paragraph.

2        a.   Following receipt of the Settling Work Defendant's
3  Statement of Position submitted pursuant to Paragraph 43.a, the
4  Director of the Superfund Division, EPA Region 9, will issue a
5  final decision resolving the dispute. The Superfund Division
6  Director's decision shall be binding on the Settling Work
7  Defendant unless, within 10 days of receipt of the decision, the
8  Settling Work Defendant files with the Court and serves on the
9  United States a motion for judicial review of the decision
10  setting forth the matter in dispute, the efforts made by the
11  parties to resolve it, the relief requested, and the schedule, if
12  any, within which the dispute must be resolved to ensure orderly
13  implementation of the Consent Decree. The United States may file
14  a response to the Settling Work Defendant's motion.

15        b.   Notwithstanding Paragraph M of Section I
16  (Background) of this Consent Decree, judicial review of any
17  dispute governed by this Paragraph shall be governed by
18  applicable principles of law.

19      46.  The invocation of formal dispute resolution procedures
20  under this Section shall not extend, postpone or affect in any
21  way any obligation of the Settling Work Defendant under this
22  Consent Decree, not directly in dispute, unless EPA or the Court
23  agrees otherwise. Stipulated penalties with respect to the
24  disputed matter shall continue to accrue, but payment shall be
25  stayed pending resolution of the dispute as provided in Paragraph
26  54.  Notwithstanding the stay of payment, stipulated penalties
27  shall accrue from the first day of noncompliance with any
28  applicable provision of this Consent Decree. In the event that

31.

1  the Settling Work Defendant does not prevail on the disputed
2  issue, stipulated penalties shall be assessed and paid as
3  provided in Section XX (Stipulated Penalties).

4                    XVII.   STIPULATED PENALTIES

5       47.  Settling Work Defendant shall be liable for stipulated
6  penalties in the amounts set forth in Paragraphs 48 and 49 to the
7  United States, on behalf of the United States Environmental
8  Protection Agency, for failure to comply with the requirements of
9  this Consent Decree as specified below, unless excused under
10  Section XV (Force Majeure).  "Compliance" by the Settling Work
11  Defendant shall include completion of the activities under this
12  Consent Decree or the Relocation Plan or other plan approved
13  under this Consent Decree.

14      48.  The following stipulated penalties shall accrue per
15  violation per day for Settling Work Defendant's failure to submit
16  the Relocation Plan:

17          Penalty Per Violation          Period of Noncompliance
            Per Day
18              $ 100                           1 - 7 days
                $ 500                           8 - 14 days
19              $ 750                          15 - 21 days
                $1,000                         22 - 28 days
20              $2,000                         29 - 35 days
                $2,500                         36 days and beyond
21
        49.  The following stipulated penalties shall accrue per
22  violation per day for Settling Work Defendant's failure to submit
23  timely or adequate reports or other written document(s) other
24  that identified in Paragraph 48 and for any other noncompliance
25  with this Consent Decree:
26
27
28

                                32.

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $  300 | 1 - 7 days |
| $  500 | 8 - 14 days |
| $  750 | 15 - 21 days |
| $1,000 | 22 days and beyond |

50.  All penalties shall begin to accrue on the day after the complete performance is due or the day a violation occurs and shall continue to accrue through the final day of the correction of the noncompliance or completion of the activity.  However, stipulated penalties shall not accrue: (1) with respect to a decision by the Director of the Superfund Division, EPA Region 9, under Paragraph 44.b or 45.a of Section XIX (Dispute Resolution), during the period, if any, beginning on the 21st day after the date that Settling Work Defendant's reply to EPA's Statement of Position is received until the date that the Director issues a final decision regarding such dispute; or (2) with respect to judicial review by this Court of any dispute under Section XIX (Dispute Resolution), during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute.  Nothing herein shall prevent the simultaneous accrual of separate penalties for separate violations of this Consent Decree.

51.  Following EPA's determination that Settling Work Defendant has failed to comply with a requirement of this Consent Decree, EPA may give Settling Work Defendant written notification of the same and describe the noncompliance.  EPA may send the Settling Work Defendant a written demand for the payment of the penalties.  However, penalties shall accrue as provided in the preceding Paragraph regardless of whether EPA has notified the

33.

1    Settling Work Defendant of a violation.

2         52.   All penalties accruing under this Section shall be due
3    and payable to the United States within 30 days of the Settling
4    Work Defendant's receipt from EPA of a demand for payment of the
5    penalties, unless the Settling Work Defendant invokes the dispute
6    Resolution procedures under Section XV (Dispute Resolution).  All
7    payments to the United States under this section shall be paid by
8    certified or cashier's check(s) made payable to "EPA Hazardous
9    Substances Superfund," shall be mailed to Region IX, Attention:
10   Superfund Accounting, P.O. Box 360863 A, Pittsburgh, PA 15251,
11   shall indicate that the payment is for stipulated penalties, and
12   shall reference EPA Region 9 and Site/Spill ID No. 0921, the DOJ
13   Case Number 90-11-2-355, and the name and address of the party
14   making payment.  Copies of check(s) tendered pursuant to this
15   Section, and any accompanying transmittal letter(s), shall be
16   sent to the United States as provided in Section XXII (Notices
17   and Submissions).

18        53.   The payment of penalties shall not alter in any way
19   Settling Work Defendant's obligation to complete the performance
20   of the Work required under this Consent Decree.

21        54.   Penalties shall continue to accrue as provided in
22   Paragraph 46 during any dispute resolution period, but need not
23   be paid until the following:

24             a.   If the dispute is resolved by agreement or by a
25   decision of EPA that is not appealed to this Court, accrued
26   penalties determined to be owing shall be paid to EPA within 15
27   days of the agreement or the receipt of EPA's decision or order;

28

34.

1          b.    If the dispute is appealed to this Court and the
2 United States prevails in whole or in part, the Settling Work
3 Defendant shall pay all accrued penalties determined by the Court
4 to be owing to EPA within 60 days of receipt of the Court's
5 decision or order, except as provided in Subparagraph c, below;

6          c.    If the District Court's decision is appealed by
7 either Party, the Settling Work Defendant shall pay all accrued
8 penalties determined by the District Court to be owing to the
9 United States into an interest-bearing escrow account within 60
10 days of receipt of the Court's decision or order.  Penalties
11 shall be paid into this account as they continue to accrue, at
12 least every 60 days.  Within 15 days of receipt of the final
13 appellate court decision, the escrow agent shall pay the balance
14 of the account to EPA or to the Settling Work Defendant to the
15 extent that it prevails.

16      55.  a.    If the Settling Work Defendant fails to pay
17 stipulated penalties when due, the United States may institute
18 proceedings to collect the penalties, as well as interest.  The
19 Settling Work Defendant shall pay Interest on the unpaid balance,
20 which shall begin to accrue on the date of demand made pursuant
21 to Paragraph 52.

22          b.    Nothing in this Consent Decree shall be construed
23 as prohibiting, altering, or in any way limiting the ability of
24 the United States to seek any other remedies or sanctions
25 available by virtue of a Settling Work Defendant's violation of
26 this Consent Decree or of the statutes and regulations upon which
27 it is based including, but not limited to, penalties pursuant to
28 Section 122(1) of CERCLA, 42 U.S.C. § 9622(1). Provided, however,

35.

1 that the United States shall not seek civil penalties pursuant to
2 Section 122(1) of CERCLA for any violation for which a stipulated
3 penalty is provided herein, except in the case of a willful
4 violation of the Consent Decree.

5    56.  Notwithstanding any other provision of this Section,
6 the United States may, in its unreviewable discretion, waive any
7 portion of stipulated penalties that have accrued pursuant to
8 this Consent Decree.

9          XVIII.  COVENANTS BY THE UNITED STATES

10   57.  a.  In consideration of the actions that will be
11 performed by the Settling Work Defendant under the terms of this
12 Consent Decree, and except as specifically provided in Paragraphs
13 58, 59, 61.a, and 61.b of this Section, and Section XXI of CD-1,
14 the United States covenants not to sue or to take administrative
15 action pursuant to Sections 106 and 107(a) of CERCLA, 42 U.S.C.
16 §§ 9606 and 9607(a) and Section 7003 of RCRA, 42 U.S.C. § 6973,
17 against the Settling Work Defendant, Chevron Corporation, Chevron
18 Capital U.S.A. Inc., Chevron Chemical Company, Chevron Oil
19 Finance Company, Chevron Pipe Line Company, Chevron Environmental
20 Management Company, Huntington Beach Company, and the Pittsburgh
21 & Midway Coal Mining Company, relating to the Site and Natural
22 Resource Damages, provided that none of the foregoing persons or
23 entities has liability with respect to the Site independent of
24 that person's or that entity's affiliation with the Settling Work
25 Defendant.  Except with respect to future liability, these
26 covenants not to sue or take administrative action shall take
27 effect for Settling Work Defendant upon the Date of Entry of this
28 Consent Decree.  With respect to future liability, these

36.

1  covenants not to sue shall take effect upon the Certification of
2  Completion of Remedial Action by EPA pursuant to Paragraph 28 of
3  Section XI (Certification of Completion).  These covenants not to
4  sue or take administrative action are conditioned upon
5  satisfactory performance by Settling Work Defendant of its
6  obligations under this Consent Decree.  These covenants not to
7  sue extend only to the persons or entities identified in this
8  subparagraph and do not extend to any other person or entity.

9       58.  United States' Pre-certification Reservations

10           a.  Notwithstanding any other provision of this Consent
11 Decree, the United States reserves, and this Consent Decree is
12 without prejudice to, the right to institute proceedings in this
13 action or in a new action against the Settling Work Defendant or
14 to issue an administrative order compelling Settling Work
15 Defendant (1) to perform further response actions relating to the
16 Site, or (2) to reimburse the United States for additional costs
17 of response if, prior to Certification of Completion of the
18 Remedial Action

19           (i)  conditions at the Site, previously unknown to EPA,
20                are discovered, or

21           (ii) information, previously unknown to EPA, is
22                received, in whole or in part,

23 and these previously unknown conditions or information together
24 with any other relevant information indicates that the Remedial
25 Action is not protective of human health or the environment.

26      59.  United States' Post-certification Reservations
27           Notwithstanding any other provision of this Consent Decree,
28 the United States reserves, and this Consent Decree is without

37.

1  prejudice to, the right to institute proceedings in this action
2  or in a new action against the Settling Work Defendant or to
3  issue an administrative order to compel Settling Work Defendant
4  (1) to perform further response actions relating to the Site, or
5  (2) to reimburse the United States for additional costs of
6  response if, subsequent to Certification of Completion of the
7  Remedial Action

8              (i)   conditions at the Site, previously unknown to EPA,
9                    are discovered, or

10             (ii) information, previously unknown to EPA, is
11                   received, in whole or in part,

12  and these previously unknown conditions or information together
13  with other relevant information indicates that the Remedial
14  Action is not protective of human health or the environment.

15       60.   For purposes of Paragraph 58, the information and the
16  conditions known to EPA shall include only that information and
17  those conditions known to EPA as of the date ESD-2 was signed,
18  including the conditions set forth in the ROD, ESD-1, and ESD-2,
19  and the administrative records supporting the ROD, ESD-1, and
20  ESD-2.   For purposes of Paragraph 59, the information and the
21  conditions known to EPA shall include only that information and
22  those conditions known to EPA as of the date of Certification of
23  Completion of the Remedial Action and set forth in the ROD, ESD-
24  1, ESD-2, the administrative records supporting the ROD, ESD-1,
25  and ESD-2, and the post-ROD Amendment administrative record, or
26  in any information received by EPA pursuant to the requirements
27  of this Consent Decree prior to Certification of Completion of
28  the Remedial Action.

61.  a.   <u>General Reservations of Rights as to Settling Work Defendant</u>

The covenants not to sue set forth above do not pertain to any matters other than those expressly specified in Paragraph 57.a.  Plaintiff reserves, and this Consent Decree is without prejudice to, all rights against Settling Work Defendant with respect to all other matters including, but not limited to, the following:

> (1) claims based on a failure by Settling Work Defendant to meet a requirement of this Consent Decree;
>
> (2) liability arising from the past, present, or future disposal, release, or threat of release of Waste Materials which occurs or occurred outside of the Site;
>
> (3) liability of Settling Work Defendant for its future disposal of Waste Material at the Site, other than as provided in the ROD, ESD-1, ESD-2, or as otherwise ordered by EPA;
>
> (4) criminal liability; and
>
> (5) liability for violations of federal or state law that occur during the performance of the Work or the Remedial Action.

b.   <u>Reservations concerning Natural Resource Injury</u>

Notwithstanding any other provision of this Consent Decree, the United States, on behalf of its natural resource trustees, reserves all rights against Settling Work Defendant with respect to liability for Natural Resource Damages, based on (1) conditions with respect to the Site, unknown to the United States at the date of lodging of this Consent Decree, that result in releases of hazardous substances that contribute to injury to,

39.

1   destruction of, or loss of Natural Resources, or (2) information
2   received after the date of lodging of this Consent Decree that
3   indicates that there is injury to, destruction of, or loss of
4   Natural Resources of a type that was unknown, or of a magnitude
5   greater than was known, to the United States at the date of
6   lodging of this Consent Decree.

7       62.  Work Takeover.  In the event EPA determines that
8   Settling Work Defendant has ceased implementation of any portion
9   of the Work, is seriously or repeatedly deficient or late in its
10  performance of the Work, or is implementing the Work in a manner
11  that may cause an endangerment to human health or the
12  environment, EPA may assume the performance of all or any
13  portions of the Work as EPA determines necessary.  Settling Work
14  Defendant may invoke the procedures set forth in Section XVI
15  (Dispute Resolution), Paragraph 44 (record review), to dispute
16  EPA's determination that takeover of the Work is warranted under
17  this Paragraph.  Settling Work Defendant shall pay all costs
18  incurred by the United States in performing the Work pursuant to
19  this Paragraph.

20      63.  Notwithstanding any other provision of this Consent
21  Decree, the United States retains all authority and reserve all
22  rights to take any and all response actions authorized by law.

23          XIX.   COVENANTS BY SETTLING WORK DEFENDANT

24      64.  Covenant Not to Sue.  Subject to the reservations in
25  Paragraph 65, Settling Work Defendant hereby covenants not to sue
26  and agree not to assert any claims or causes of action against
27  the United States with respect to the Site including, but not
28  limited to:

40.

1            a.    any direct or indirect claim for reimbursement

2    from the Hazardous Substance Superfund (established pursuant to

3    the Internal Revenue Code, 26 U.S.C. § 9507) through CERCLA

4    Sections 106(b)(2), 107, 111, 112, or 113, 42 U.S.C. §§

5    9606(b)(2), 9607, 9611, 9612, 9613, or any other provision of

6    law, except as such claims are permitted by Section XIII (Claims

7    Against the Fund), Paragraphs 31 to 34 above;

8            b.    any claims against the United States under CERCLA

9    Sections 107 or 113, 42 U.S.C. §§ 9607, 9613, related to the

10   Site; or

11           c.    any claims arising out of response activities at

12   the Site, including claims based on EPA's and the State's

13   selection of response actions, oversight of response activities

14   and approval of plans for such activities.

15       65.   The Settling Work Defendant reserves, and this Consent

16   Decree is without prejudice to, claims against the United States,

17   subject to the provisions of Chapter 171 of Title 28 of the

18   United States Code, for money damages for injury or loss of

19   property or personal injury or death caused by the negligent or

20   wrongful act or omission of any employee of the United States

21   while acting within the scope of his office or employment under

22   circumstances where the United States, if a private person, would

23   be liable to the claimant in accordance with the law of the place

24   where the act or omission occurred.  However, any such claim

25   shall not include a claim for any damages caused, in whole or in

26   part, by the act or omission of any person, including any

27   contractor, who is not a federal employee as that term is defined

28   in 28 U.S.C. § 2671, nor shall any such claim include a claim

1  based on EPA's selection of response actions, or the oversight or
2  approval of the Settling Work Defendant's plans or activities.
3  The foregoing applies only to claims that are brought pursuant to
4  any statute other than CERCLA and for which the waiver of
5  sovereign immunity is found in a statute other than CERCLA.

6      66.  Except as provided in Section XIII (Claims Against the
7  Fund), Paragraphs 31 to 34 above, nothing in this Consent Decree
8  shall be deemed to constitute pre-authorization of a claim within
9  the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or 40
10  C.F.R. § 300.700(d).

11      67.  Settling Work Defendant agrees to waive all claims or
12  causes of action that it may have for all matters relating to the
13  Site, including for contribution, against any Settling Defendant
14  under CD-1, with regard to the costs incurred in implementing the
15  additional response actions required by the ROD, ESD-1, or ESD-2,
16  except for any failure by any other Settling Defendant to meet
17  one of its obligations under CD-1.

18      XX. EFFECT OF SETTLEMENT; CONTRIBUTION PROTECTION

19      68.  Nothing in this Consent Decree shall be construed to
20  create any rights in, or grant any cause of action to, any person
21  not a Party to this Consent Decree.  The preceding sentence shall
22  not be construed to waive or nullify any rights that any person
23  not a signatory to this Consent Decree may have under applicable
24  law.  Each of the Parties expressly reserves any and all rights
25  (including, but not limited to, any right to contribution),
26  defenses, claims, demands, and causes of action that each Party
27  may have with respect to any matter, transaction, or occurrence
28  relating in any way to the Site against any person not a Party

42.

1   hereto.

2        69.   The Parties agree, and by entering this Consent Decree
3   this Court finds, that the Settling Work Defendant is entitled,
4   as of the effective date of this Consent Decree, to protection
5   from contribution actions or claims as provided by CERCLA Section
6   113(f)(2), 42 U.S.C. § 9613(f)(2), for matters addressed in this
7   Consent Decree.  The "matters addressed" in this Consent Decree
8   are all response actions taken or to be taken and all response
9   costs incurred or to be incurred by the United States or any
10  other person with respect to the response actions required by
11  this Consent Decree, CD-1, and ESD-2.  The "matters addressed" in
12  this Consent Decree shall not include those response costs or
13  response action as to which the Plaintiff has reserved its rights
14  under this Consent Decree (except for claims for failure to
15  comply with this Consent Decree), in the event that the Plaintiff
16  asserts rights against the Settling Work Defendant coming within
17  the scope of such reservations.

18       70.   The Settling Work Defendant agrees that it cannot bring
19  an action for contribution against any non-settling party unless
20  the EPA has declined to bring an action against that party.
21  Settling Work Defendant shall notify the United States of its
22  desire to bring such an action in writing and allow the United
23  States 60 days to file an action first.  Only if the United
24  States declines to bring an action may Settling Work Defendant
25  bring an action.

26       71.   The Settling Work Defendant also agrees that, with
27  respect to any suit or claim for contribution brought against it
28  for matters related to this Consent Decree, it will notify in

43.

1  writing the United States within 10 days of service of the
2  Complaint on it.  In addition, Settling Work Defendant shall
3  notify the United States within 10 days of service or receipt of
4  any Motion for Summary Judgment and within 10 days of receipt of
5  any order from a court setting a case for trial.

6      72.  In any subsequent administrative or judicial proceeding
7  initiated by the United States for injunctive relief, or other
8  appropriate relief relating to the Site, or Natural Resource
9  Damages, Settling Work Defendant shall not assert, and may not
10 maintain, any defense or claim based upon the principles of
11 waiver, res judicata, collateral estoppel, issue preclusion,
12 claim-splitting, or other defenses based upon any contention that
13 the claims raised by the United States in the subsequent
14 proceeding were or should have been brought in the instant case;
15 provided, however, that nothing in this Paragraph affects the
16 enforceability of the covenants not to sue set forth in
17 Section XVIII (Covenants by the United States).

18                  XXI. ACCESS TO INFORMATION

19     73.  Settling Work Defendant shall provide to EPA, upon
20 request, copies of all documents and information within its
21 possession or control or that of its contractors or agents
22 relating to activities at the Site or to the implementation of
23 this Consent Decree including, but not limited to, manifests,
24 trucking logs, receipts, reports, correspondence, or other
25 documents or information related to the Work.  Settling Work
26 Defendant shall also make available to EPA, for purposes of
27 investigation, information gathering, or testimony, their
28 employees, agents, or representatives with knowledge of relevant

44.

1  facts concerning the performance of the Work.

2      74.  a.   Settling Work Defendant may assert business
3  confidentiality claims covering part or all of the documents or
4  information submitted to Plaintiff under this Consent Decree to
5  the extent permitted by and in accordance with Section 104(e)(7)
6  of CERCLA, 42 U.S.C. § 9604(e)(7), and 40 C.F.R. § 2.203(b).
7  Documents or information determined to be confidential by EPA
8  will be afforded the protection specified in 40 C.F.R. Part 2,
9  Subpart B.  If no claim of confidentiality accompanies documents
10  or information when they are submitted to EPA, or if EPA has
11  notified Settling Work Defendant that the documents or
12  information are not confidential under the standards of
13  Section 104(e)(7) of CERCLA, the public may be given access to
14  such documents or information without further notice to Settling
15  Work Defendant.

16      b.   Settling Work Defendant may assert that certain
17  documents, records and other information are privileged under the
18  attorney-client privilege or any other privilege recognized by
19  federal law.  If the Settling Work Defendant asserts such a
20  privilege in lieu of providing documents, it shall provide the
21  Plaintiff with the following: (1) the title of the document,
22  record, or information; (2) the date of the document, record, or
23  information; (3) the name and title of the author of the
24  document, record, or information; (4) the name and title of each
25  addressee and recipient; (5) a description of the contents of the
26  document, record, or information; and (6) the privilege asserted
27  by Settling Work Defendant.  However, no documents, reports or
28  other information created or generated pursuant to the

1  requirements of this Consent Decree shall be withheld on the
2  grounds that it is privileged.

3      75.   No claim of confidentiality shall be made with respect
4  to any data including, but not limited to, all sampling,
5  analytical, monitoring, hydrogeologic, scientific, chemical, or
6  engineering data, or any other documents or information
7  evidencing conditions at or around the Site.

8                    XXII. RETENTION OF RECORDS

9      76.   a.   Until 10 years after Settling Work Defendant
10 receives EPA's notification pursuant to Paragraph 28 of Section
11 XI (Certification of Completion), the Settling Work Defendant
12 shall preserve and retain all records and documents now in its
13 possession or control or that come into its possession or control
14 that relate in any manner to the performance of the Work or
15 liability of any person for response actions conducted and to be
16 conducted at the Site, regardless of any document retention
17 policy to the contrary.  Until 10 years after Settling Work
18 Defendant receives EPA's notification pursuant to Paragraph 28 of
19 Section XI (Certification of Completion), Settling Work Defendant
20 shall also instruct its contractors and agents to preserve all
21 documents, records, and information of whatever kind, nature or
22 description relating to the performance of the Work.

23     77.   At the conclusion of this document retention period,
24 Settling Work Defendant shall notify the United States at least
25 90 days prior to the destruction of any such records or documents
26 and, upon request by the United States, Settling Work Defendant
27 shall deliver any such records or documents to EPA.  The Settling
28 Work Defendant may assert that certain documents, records and

46.

1  other information are privileged under the attorney-client
2  privilege or any other privilege recognized by federal law.  If
3  the Settling  Defendant asserts such a privilege, it shall
4  provide Plaintiff with the following: (1) the title of the
5  document, record, or information; (2) the date of the document,
6  record, or information; (3) the name and title of the author of
7  the document, record, or information; (4) the name and title of
8  each addressee and recipient; (5) a description of the subject of
9  the document, record, or information; and (6) the privilege
10  asserted by the Settling Work Defendant.  However, no documents,
11  reports or other information created or generated pursuant to the
12  requirements of the Consent Decree shall be withheld on the
13  grounds that it is privileged.

14     78.   The Settling Work Defendant hereby certifies that, to
15  the best of its knowledge and belief, after thorough inquiry, it
16  has not altered, mutilated, discarded, destroyed or otherwise
17  disposed of any records, documents or other information relating
18  to its potential liability regarding the Site since notification
19  of potential liability by the United States or the filing of suit
20  against it regarding the Site and that it has fully complied with
21  any and all EPA requests for information pursuant to Section
22  104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e), 9622(e), and
23  Section 3007 of RCRA, 42 U.S.C. § 6927.

24                XXIII. NOTICES AND SUBMISSIONS

25     79.   Whenever, under the terms of this Consent Decree,
26  written notice is required to be given or a report or other
27  document is required to be sent by one Party to another, it shall
28  be directed to the individual(s) at the addresses specified

1   below, unless those individuals or their successors give notice

2   of a change to the other Party in writing.  All notices and

3   submissions shall be considered effective upon receipt, unless

4   otherwise provided in this Consent Decree.

5   <u>As to the United States</u>:

6   Chief, Environmental Enforcement Section
    Environment and Natural Resources Division
7   U.S. Department of Justice
    P.O. Box 7611
8   Ben Franklin Station
    Washington, D.C. 20044-7611
9        Re: DOJ # 90-11-2-355

10  David B. Glazer, Esq.
    U.S. Department of Justice
11  301 Howard Street, Suite 870
    San Francisco, California 94105
12
    Rose Marie Caraway
13  EPA Project Coordinator
    United States Environmental Protection
14   Agency - Region 9
    75 Hawthorne Street
15  San Francisco, California 94105

16              and

17  Keith Takata
    Director, Superfund Division
18  United States Environmental Protection
     Agency - Region 9
19  75 Hawthorne Street
    San Francisco, California 94105
20
    <u>As to the Settling Work Defendant</u>:
21
    Chevron USA Inc.
22  c/o Chevron Environmental Management Company
    6001 Bollinger Canyon Road
23  Building K
    San Ramon, CA 94583-2324
24  Attention: President, CEMC

25                    XXIV. <u>EFFECTIVE DATE</u>

26       80.  The effective date of this Consent Decree shall be the

27  Date of Entry of this Consent Decree.

28

                              48.

1 XXV. RETENTION OF JURISDICTION

2 81. This Court retains jurisdiction over both the subject

3 matter of this Consent Decree and the Parties for the duration of

4 the performance of the terms and provisions of this Consent

5 Decree for the purpose of enabling any of the Parties to

6 apply to the Court at any time for such further order, direction,

7 and relief as may be necessary or appropriate for the

8 construction or modification of this Consent Decree, or to

9 effectuate or enforce compliance with its terms, or to resolve

10 disputes in accordance with Section XIX (Dispute Resolution).

11 XXVI. APPENDICES

12 82. The following appendices are attached to and

13 incorporated into this Consent Decree:

14 "Appendix A" is the ESD-2.

15 "Appendix B" is the Preauthorization Decision Document.

16 "Appendix C" is a description and map of the Site.

17 "Appendix D" is the audit procedures.

18 XXVII. COMMUNITY RELATIONS

19 83. To the extent an additional community relations plan is

20 needed for the implementation of ESD-2, Settling Work Defendant

21 shall propose to EPA its participation in the community relations

22 plan to be developed by EPA. EPA will determine the appropriate

23 role for the Settling Work Defendant under the Plan. Settling

24 Work Defendant shall also cooperate with EPA in providing

25 information regarding the Work to the public. As requested by

26 EPA, Settling Work Defendant shall participate in the preparation

27 of such information for dissemination to the public and in public

28 meetings that may be held or sponsored by EPA to explain the

49.

1  additional response activities at or relating to the Site
2  required by ESD-2.

3                    XXVIII.  MODIFICATION

4      84.  Schedules specified in this Consent Decree for
5  completion of the Work may be modified by agreement of EPA and
6  the Settling Work Defendant.  All such modifications shall be
7  made in writing.

8      85.  No material modifications shall be made to the
9  Relocation Plan without written notification to and written
10  approval of the United States and the Settling Work Defendant.
11  Modifications to the Relocation Plan that do not materially alter
12  that document may be made by written agreement between EPA and
13  Settling Work Defendant.

14     86.  Nothing in this Decree shall be deemed to alter the
15  Court's power to enforce, supervise or approve modifications to
16  this Consent Decree.

17        XXIX.  LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

18     87.  This Consent Decree shall be lodged with the Court for
19  a period of not less than 30 days for public notice and comment
20  in accordance with Section 122(d)(2) of CERCLA, 42 U.S.C.
21  § 9622(d)(2), 28 C.F.R. § 50.7, and Section 7003 of RCRA, 42
22  U.S.C. § 6973.  Commenters may request an opportunity for a
23  public hearing in the affected area, in accordance with Section
24  7003(d) of RCRA, 42. U.S.C. § 6973(d).  The United States
25  reserves the right to withdraw or withhold its consent if the
26  comments regarding this Consent Decree disclose facts or
27  considerations that indicate that the Consent Decree is
28  inappropriate, improper, or inadequate.  Settling Work Defendant

                              50.

1  consents to the entry of this Consent Decree without further
2  notice.

3      88.   If for any reason the Court should decline to approve
4  this Consent Decree in the form presented, this agreement is
5  voidable at the sole discretion of any Party, and the terms of
6  the agreement may not be used as evidence in any litigation
7  between the Parties.

8                  XXX.  SIGNATORIES/SERVICE

9      89.   Each undersigned representative of a Party to this
10 Consent Decree certifies that he or she is fully authorized to
11 enter into the terms and conditions of this Consent Decree and to
12 execute and legally bind such Party to this document.

13     90.   Settling Work Defendant hereby agrees not to oppose
14 entry of this Consent Decree by this Court or to challenge any
15 provision of this Consent Decree unless the United States has
16 notified the Settling Work Defendant in writing that it no longer
17 supports entry of the Consent Decree.

18     91.   Settling Work Defendant shall identify, on the attached
19 signature page, the name, address and telephone number of an
20 agent who is authorized to accept service of process by mail on
21 behalf of that Party with respect to all matters arising under or
22 relating to this Consent Decree.   Settling Work Defendant hereby
23 agrees to accept service in that manner and to waive any
24 applicable service requirements set forth in the Federal Rules of
25 Civil Procedure and any applicable local rules of this Court.
26 Settling Work Defendant also agrees to effect service, upon all
27 other parties to the above-captioned action, of any pleadings
28 with respect to any matters arising under or relating to this

                            51.

1  Consent Decree.

2       92.   The section titles and captions contained in this
3  Consent Decree are inserted only as a matter of convenience and
4  for reference, and shall in no way be construed to define, limit,
5  or extend the scope of this Consent Decree or the intent of any
6  of its provisions.

7       93.   This Consent Decree may be signed in counterpart
8  originals, all of which when taken together shall constitute an
9  integrated agreement.

10

11             SO ORDERED THIS ___30th___ DAY OF ___July___, 2001.

12

13

14                          United States District Judge

15

16  THE UNDERSIGNED PARTIES enter into this Consent Decree in the
17  matter of United States v. Chevron USA Inc. et al., relating to
18  the Purity Oil Superfund Site.

19                                    FOR THE UNITED STATES OF AMERICA

20

21  Date:   ___7.20.01___

22                          Acting Assistant Attorney General
                                Environment and Natural
23                                  Resources Division
                            U.S. Department of Justice 950
24                          Pennsylvania Ave., N.W., #2143
                            Washington, D.C. 20530
25                          (202) 514 2701

26

27

28

                                52.

1

2
Date:   7-26-01

3
David B. Glazer

4
Environmental Enforcement Section
Environment and Natural Resources

5
Division
U.S. Department of Justice

6
301 Howard Street, Suite 870
San Francisco, California  94105

7
(415) 744-6491

8

9

10

11
Date:   6-4-01

12
Keith A. Takata
Director, Superfund Division

13
U.S. Environmental Protection
Agency - Region 9

14
75 Hawthorne Street
San Francisco, California 94105

15
(415) 744-2356

16

17
Date:   5/31/01

18
David Rabbino
Assistant Regional Counsel

19
U.S. Environmental Protection
Agency - Region 9

20
75 Hawthorne Street
San Francisco, California 94105

21
(415) 744-1336

22

23

24

25

26

27

28

53.

1 | United States v. Chevron USA, Inc. et al.
Consent Decree Signature Page

2

3

THE UNDERSIGNED PARTY enters into this Consent Decree in the
4 | matter of United States v. Chevron USA Inc. et al., relating to
the Purity Oil Superfund Site.

5

6

Chevron Environmental Management Company, for and on behalf of
7 | Chevron U.S.A. Inc., Chevron Corporation, Chevron Capital U.S.A.
Inc., Chevron Chemical Company, Chevron Oil Finance Company,
8 | Chevron Pipe Line Company, Chevron Environmental Management
Company, Huntington Beach Company, and the Pittsburgh & Midway
9 | Coal Mining Company _____

10
Date: ___5 - 2 3- 0 1_____      Richard J. Harris
11                                  [Name — Please Type]
                                    Assistant Secretary
12                                  [Title -- Please Type]
                                    2613 Camino Ramon, San Ramon, CA 94583
13                                  [Address -- Please Type]

14
          Agent Authorized to Accept Service on Behalf of Above-
15 | signed Party:

16
          Name:    Allan Vance
17
          Title:   President, CEMC
18
          Address: 6001 Bollinger Canyon Road
19                  Building K
                    San Ramon, CA 94583-2324
20
          Tel. Number: (925) 842-5200
21

22

23

24

25

26

27

28

54.

United States District Court
for the
Eastern District of California
July 31, 2001


\* \* CERTIFICATE OF SERVICE \* \*


1:98-cv-05412


USA

        v.

Chevron USA Inc

_____

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Eastern District of California.

That on  July 31, 2001, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office, or, pursuant to prior
authorization by counsel, via facsimile.


        Richard J Cutler                           REC
        U S Attorneys office
        1130 O Street
        Room 3654
        Fresno, CA  93721

        David B Glazer
        US Department of Justice
        Environmental Enforcement Section
        301 Howard Street
        Suite 870
        San Francisco, CA  94105

        William N Brieger
        Attorney General's Office of the State of California
        PO Box 944255
        1300 I Street
        Suite 125
        Sacramento, CA  94244-2550

        Derek Edward Van Hoorn
        6339 Culpepper Pl.
        Stockton, CA  95207

Jack L. Wagner, Clerk

BY: _____
     Deputy Clerk